GILDEA, Chief Justice
(dissenting).
I respectfully dissent. Although the good-faith exception articulated in Davis v. United States, — U.S. -, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), applies under the United States Constitution when a search is conducted in reasonable reliance on binding appellate precedent, I would not adopt the exception under the Minnesota Constitution. In my view, our court’s repeated refusal to recognize the good-faith exception to the exclusionary rule, together with Minn.Stat. § 626.21 (2014), establish a Minnesota “tradition” that is not consistent with the application of the good-faith exception in this case. See State v. McMurray, 860 N.W.2d 686, 692 (Minn.2015) (discussing principles we use to decide when to extend broader protections under the Minnesota Constitution). I agree with Justice Page’s dissent that the majority’s decision is inconsistent with our history of declining to adopt the good-faith exception, and I join that aspect of his dissent. I also agree with Justice Lil-lehaug’s analysis that MinmStat. § 626.21 is a statutory codification of the exclusionary rule that prevents the application of the good-faith exception in Minnesota, and I join that portion of his dissent.[1] See, e.g., Garza v. State, 632 N.W.2d 633, 640 (Minn.2001) (concluding that “the good faith of the police cannot cure the absence of particularized circumstances in the warrant application”); State v. Zanter, 535 N.W.2d 624, 634 (Minn.1995) (declining to adopt a good-faith exception, despite not questioning “the good faith of the police”). But I do not join either dissent to the extent the dissents argue that the good-faith exception violates the remedies clause under Minn. Const, art. I, § 8.[2]

. The State does not argue that Minn.Stat. § 626.21 violates separation of powers and so we have no occasion to address that question here.

. The State argues that the exclusionary rule does not violate the remedies clause because citizens are able to file a lawsuit under 42 U.S.C. § 1983 (2012). Because I conclude that the good-faith exception does not apply under Minnesota law, I need not decide whether a civil suit under 42 U.S.C. § 1983, is sufficient to satisfy Minn. Const, art. I, § 8. The State also argues that the search was constitutional under the exigency exception. I would not reach that issue because it was not presented to the district court. See State v. Sorenson, 441 N.W.2d 455, 459 (Minn.1989) (declining to rule on the validity of a warrantless seizure because it was not raised at the district court, and there was "insufficient information in the trial court record” on the issue).